# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-3035

———————————————

Glen R. Edwards, Inc.; Daniel A. Narup DMD, LLC

*Plaintiffs - Appellants*

v.

Travelers Casualty Insurance; The Phoenix Insurance Company

*Defendants - Appellees*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: May 6, 2022
Filed: May 13, 2022
[Unpublished]

——————————

Before COLLOTON, ERICKSON, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Missouri dental practices Glen R. Edwards, Inc. and Daniel A. Narup DMD, LLC appeal the district court's[1] dismissal of their diversity breach-of-contract action

———————————————

[1]The Honorable Matthew T. Schelp, United States District Judge for the Eastern District of Missouri.

against Travelers Casualty Insurance Company of America and The Phoenix Insurance Company, in which they sought payment of their business-income and extra-expense claims arising from the near-total shutdown of their offices due to the COVID-19 pandemic. Upon careful de novo review, see Oral Surgeons, P.C. v. Cincinnati Ins. Co., 2 F.4th 1141, 1143 (8th Cir. 2021) (standard of review), we find that dismissal was proper, as the dental practices' argument that the loss of use of their offices constituted "direct physical loss of or damage to" their property is foreclosed by our prior precedent. See Monday Rests. v. Intrepid Ins. Co., No. 21-2462, 2022 WL 1194000 (8th Cir. Apr. 26, 2022) (finding no meaningful distinction between "loss of" and "damage to" property in insurance policy, and affirming dismissal because plaintiff alleged no physical loss to dental office limited to emergency operations during pandemic); Oral Surgeons, 2 F.4th at 1144 (policy requiring direct "physical loss" or "physical damage" to trigger business interruption and extra expense coverage required some physicality to loss or damage of property, e.g., physical alteration, contamination, or destruction).

The judgment is affirmed. See 8th Cir. R. 47B.

_____